No. 2331.—State v. Timothy Hays.

22    39
113    984

In a criminal prosecution for the crime of murder the witnesses for the accused may, under the plea of insanity, be permitted to give to the jury the acts, declarations, conversations and exclamations they saw, had with, and heard the accused make at any time shortly before, at the time of, or after the killing. The objections to such testimony goes to its effect.

Previous or subsequent insanity will not discharge the accused. It must be shown to exist at the time the deed was done.

APPEAL from the First District Court of New Orleans. *Abell*, J. *S. Belden*, Attorney General, for the State. *McCay, Levy & J. B. Cotton*, for defendant and appellant.

Howe, J.  The defendant was tried for murder, found guilty without capital punishment, and sentenced to imprisonment in the State Penitentiary for life.  From this judgment he has appealed.

It appears by a bill of exceptions that the defendant placed on the stand certain witnesses, and asked each of them *seriatim*, "to state the acts, declarations and conversations and exclamations, they saw, had with and heard the prisoner make, at any time shortly before, at the time of, or after the killing of Sinnott, tending to show the condition of his mind; which question and answer was objected to by the Attorney General for the State, on the grounds that his (the prisoner's) statements, declarations and conversations were inadmissible, and were illegal.  The court sustained the objection to the question and answer, in so far as to limit the same to the acts and the exclamations of the prisoner a short time previous to and at the time of the killing, and to the *acts* after the occurrence."

In signing the bill, the judge adds, "Every conversation for two or three months *previous* to the homicide, accompanying any act indicating unusual excitement, was admitted; other conversations were excluded."

The defense in this case was insanity. In the solution of the question presented by this bill of exceptions, it becomes necessary, therefore, to inquire what scope is allowed to the prisoner in establishing such a defense by the enlightened spirit of modern jurisprudence.

Insanity is a disease.  It has its pathology and its symptoms, and it would seem that its existence can be determined only by a careful scrutiny of those symptoms.  The tree is to be known by its fruits: the condition of the hidden mechanism is to be ascertained by those communicated movements which are external and apparent.  To this end the usual expressions of a mental state are original and competent evidence.  If they are the natural language of mental alienation, they furnish satisfactory, and sometimes the only proof of its existence.  It is true, that such expressions may be feigned, and often are; but whether they were real or feigned is for the jury to determine.  Hence, the rule prevails that as *indicia* of the mental condition, not only the acts, but the conversations, exclamations and declarations of the person may be shown.  Of course, this rule should not be extended beyond the necessity on which it is founded—mere narration or statement by the accused, as that at a certain time he said or did something, or that at a certain time he was insane, must be excluded; but testimony of such deportment, action, complaints, exclamations, declarations and expressions, as usually and naturally accompany and furnish proof of an *existing* malady, ought to be freely admitted.

We think it equally well settled that all such *indicia* occurring after the commission of the offense, may be shown, and that the judge, therefore, erred in confining the testimony to *acts* done after the homi-

cide. It is true, that mania is often simulated, and it is quite likely that the danger of simulation may increase after the commission of a homicide; but this consideration relates rather to the effect of the testimony than to its admissibility. It may have little weight; but such as it has, the jury must estimate. Previous or subsequent insanity in itself is no matter of excuse; the mania must have existed at the time the act was done; yet, evidence of the presence of the malady, either before or after the act, is proper to be weighed by the jury, for the purpose of forming a conclusion whether insanity existed at the time the alleged crime was committed. And this evidence, we apprehend, may be identical in character with that which is admitted to establish mental unsoundness prior to the act.

Grant v. Thompson, 4 Conn. 203; Kenne v. Kenne, 9 Conn. 102; Dickinson v. Barber, 9 Mass. 225; Norwood v. Marrow, 4 Devereux & Battle, 442; McLean v. The State, 16 Ala. 672; McAllister v. The State, 17 Ala. 434; Bacon v. Charlton, 7 Cushing, 581.

For the reasons given, it is ordered that the judgment appealed from be avoided, and the verdict of the jury set aside, and that the cause be remanded for a new trial, according to law.

Chief Justice Ludeling and Justice Howell absent.