# Smith *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Preferring new indictment ; limitation of prosecution.*—When a criminal prosecution is dismissed, because the indictment is not signed and indorsed as required by the statute (Code, § 4777), an entry of record may be made, stating the facts, and ordering another indictment to be found (*Ib.* § 4819) ; and a new indictment being found, the time which elapsed between the finding of the two indictments must be deducted (*Ib.* § 4820), in computing the bar of the statute of limitations.

2. *Cross-examination of defendant, testifying as witness for himself.* When the defendant in a criminal case avails himself of the statutory privilege of testifying as a witness for himself, he can not be cross-examined, against his objection, as to former indictments against him for other offenses, which are not pertinent to the issue to be tried.

FROM the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

The defendant in this case, M. O. Smith, was indicted for an assault on C. C. Latham, with the intent to murder him ; and was tried on issue joined on the plea of not guilty. On the trial, as the bill of exceptions shows, the State introduced said Latham as a witness, who was·the father-in-law of the de-

[Smith v. The State.]

fendant, and who testified as to the circumstances attending a quarrel and difficulty between them, which occurred in the house in which they were living together, and during which the defendant fired a pistol at said Latham. The defendant, being examined as a witness in his own behalf, gave his version of the quarrel and difficulty; and his testimony tended to show that he acted in self-defense. On cross-examination of the defendant, the court allowed him to be asked, against the objection of his attorney, and required him to answer, whether he had not, " prior to this trial," been indicted in the Circuit Court of Shelby county, for trespass after warning; which questions he answered in the affirmative, but reserved exceptions to the overruling of his objections. After conviction, the defendant made a motion in arrest of judgment, on grounds stated in the opinion of the court; and his motion was overruled.

BROTHERS & WILLETT, for the appellant, cited *Mason & Franklin v. ·The State*, 42 Ala. 543; 1 Greenl. Ev. § 445; *Railroad Co. v. Stimpson*, 14 Peters, 461; 6 Watts & Ser.· 75; 2 Dutch. N. J. 463; *Toole v. Nicholl*, 43 Ala. 416; *Turnip-seed v. The State*, 6 Ala. 664.

THOS. N. McCLELLAN, Attorney-General, for the State, cited *Diggs v. The State*, 77 Ala. 68; Code, §§ 4817–20, and cases cited in note; *Ingram v. The State*, 67 Ala. 72.

CLOPTON, J.—Section 4819 of the Code provides: " When the judgment is arrested, or the indictment quashed, on account of any defect therein, or because it was not found by a grand jury regularly organized, or because it charged no offense, or *for any other cause*, the court may order another indictment to be preferred for the offense charged, or intended to be charged; and in such case, an entry of record must be made, setting forth the facts." ·

An indictment was preferred against the defendant, for assault with intent to murder, at the August term, 1882, of the Circuit Court. At the January term, 1886, the prosecution was dismissed, on the ground, that the indictment was not indorsed " a true bill," signed by the foreman of the grand jury, as required by section 4777. An entry of record was made, setting forth the facts, and ordering another indictment to be preferred for the offense charged. Another indictment was preferred, at the same term, on which the defendant was tried and convicted. A motion in arrest of judgment was made, on the ground, that the record shows the offense was committed more than three years before the indictment was preferred, and was barred by the statute of limitations.

[Jones v. The State.]

By section 4820, when a new indictment is preferred under the provisions of section 4819, the time which elapsed between the finding of the first and the subsequent indictment must be deducted from the time limited by law for the prosecution of the offense. Without deciding whether, in the state of the record, the bar of the statute of limitations can properly be raised by a motion in arrest of judgment, the minute-entry and order for a new indictment substantially conform to the statute. The motion in arrest of judgment was properly overruled. *Weston v. State*, 63 Ala. 155.

In *Clarke v. State*, 78 Ala. 474, we had occasion to consider the extent of inquiry permissible on cross-examination of a defendant in a criminal prosecution, while testifying as a witness in his own behalf, at his own request. We then held, that on objection being made by the defendant, through his counsel, the prosecution can not inquire into past offenses, which the defendant had really, or was supposed to have committed, and which were not connected with the offense for which the defendant is on trial, nor pertinent to the issue, and did not tend to elucidate it. The court erred in not excluding the question directed to a previous indictment against the defendant, and the offense for which he was indicted.

For this error, the judgment must be reversed.

Reversed and remanded.

*Indictment for Assault with Intent to Murder.*

