[Alabama Steel & Wire Co. v. Sells, et al.]

# Alabama Steel & Wire Co. *v.* Sells, *et al*.

### *Action for Death of Employee.*

(Decided Feb. 1, 1910. Rehearing denied June 30, 1910.
52 South. 929.)

1. *Appeal and Error; Waiver of Error.*—The assignment of error on the record alone without more, does not amount to an insistence in argument, and the assignment will be regarded as waived.

2. *Same; Sufficiency; Waiver.*—The mere repetition in brief of counsel of the errors assigned on the record cannot be considered as an insistence in argument, and when so treated the assignments will be considered as having been waived.

3. *Same; Harmless Error; Evidence.*—Where counts are withdrawn and the evidence introduced thereon is excluded, exceptions to the introduction of such evidence was rendered unavailing.

4. *Same; Remarks of Counsel; Objection.*—Objection to the remarks of counsel must be made at the time, and cannot be rendered available on appeal by an objection made for the first time on a motion for a new trial.

5. *New Trial; Preservation of Motion; Continuance.*—Where the motion is not kept alive, but is suffered to be discontinued by failing to have it regularly continued on the docket, error in overruling the motion for new trial is not available.

6. *Bills of Exceptions; Filing and Signing; Time.*—A bill of exceptions signed more than six months after the trial and after the commencement of a subsequent term of the court, and before the adoption of the present Code, was not signed in time and was unavailing to review the action of the trial court under the provisions of rule 30, Circuit Court Practice.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by W. R. Sells as administrator, etc., and others against the Alabama Steel & Wire Company, for the death of intestate, an employee, of the defendant. Judgment for plaintiff and defendant appeals. Affirmed.

FORNEY JOHNSTON, and JOEL F. WEBB, for appellant. Counsel discuss the questions sought to be raised and

presented by the bill of exceptions in the mode and manner described in the opinion, and cite some authorities in support of some of their contentions, but in view of the opinion, it is deemed unnecessary to set them out.

STALLINGS & DRENNEN, for appellee.  The bill of exceptions cannot be looked to for any purpose, as it was signed more than six months after judgment, and after the commencement of another term of court.—Rule 30, Cir. Ct. Pr; 52 Ala. 111; 54 Ala. 117; 133 Ala. 442; 136 Ala. 469; 139 Ala. 387.  The motion for new trial was not kept alive, and the court did not err in refusing to grant it.—25 Ala. 295; 66 Ala. 139; 81 Ala. 94; 99 Ala. 619; 105 Ala. 221; 133 Ala. 233. Many of the assignments must be treated as waived because not being insisted upon in brief or argument of counsel, save by a mere repetition of the errors assigned.

DOWDELL, C. J.—The mere repetition, in brief of counsel for appellant, of the assignment of an error on the record, without more, has been repeatedly decided by this court not to amount to insistence in argument, and in such case the assignment will be regarded as waived.—*Birmingham Railway, Light & Power Co. v. Oldham*, 141 Ala. 200, 37 South. 452; *B. R., L. & P. Co. v. Landrum*, 153 Ala. 192, 45 South. 201, 127 Am. St. Rep. 25, and other cases.

As a sample of the argument in appellant's brief, on many of the assignments of error, we quote the following:  "The questions propounded by plaintiff to the witnesses (assignments 10, 16, 23, etc.), with reference to the condition of the mines at periods remote from the time of the accident, were improper."  "The charges given at plaintiff's request were erroneous.  Defendant's first charge should have been given.  The second,

fourth, eighth, ninth, tenth, eleventh, and twelfth charges refused to defendant were also clearly proper charges and should have been given." "Its rulings on demurrers to the complaint and sustaining demurrers to defendant's pleas were erroneous." This, in reality, is nothing more than a repetition of the assignment on the record, and, under the cases above cited, cannot be considered an insistence in argument.

All of the counts of the complaint counting on negligence of Anderson Donaldson, the fire boss, were withdrawn by the plantiff, and with plaintiff's consent the evidence introduced under these counts as to the negligence of said Donaldson was excluded by the court. Exceptions reserved on the introduction of this evidence were thereby rendered unavailable.

The overruling of the motion for a new trial is assigned as error. The appellee contends that the motion was "not kept alive as required by law" in the court below, but was suffered to be discontinued by a failure to have the motion regularly continued on the docket. Whatever of force might otherwise be found in this contention, it is overcome by the fact that after the time of the alleged discontinuance the appellee consented to an amendment of the motion, and went to trial on it without objection. In this there was a waiver of the discontinuance.—*McCarver v. Herzberg,* 135 Ala. 542, 33 South. 486.

One of the grounds for the motion for a new trial, and which is here separately assigned as error, that is insisted on in argument, and the only one that is argued with a degree of seriousness, relates to the remarks of counsel for plaintiff to the jury. The bill of exceptions, however, in this connection, recites that "no motion was made by defendant's counsel to exclude from the jury the remarks of plaintiff's counsel above

stated. The court made no comment at any time with reference to the same, and did not rebuke counsel for plaintiff for the use of such remarks, and defendant's counsel reserved no exceptions to the court's action in reference thereto." So it appears that neither objection nor exception was taken at the time of the remarks of counsel.

We know of no decision of ours that holds that objection can for the first time be made and availed of on a motion for a new trial. It should have been made, and exceptions duly reserved, at the time of the trial.

We find no reversible error in anything that is insisted on in argument by counsel for appellant. The judgment will be affirmd.

Since the writing of the foregoing opinion, counsel for appellant have filed what is designated as a supplemental brief. In this brief, assignments of error not insisted on in the original brief, filed at the time of the submission of the cause, are now for the first time urged in argument.

Counsel for appellee insists that what purports to be a bill of exceptions in the transcript was not signed within the time prescribed by law. An inspection of the record discloses that the bill was signed more than six months after the trial, and after the commencement of a subsequent term of the court. This all transpired before the adoption of the present Code (1907). Rule 30, Circuit Court Practice, Code of 1896, p. 1200; *Bank & Trust Co. v. Keith,* 136 Ala. 469, 34 South. 925.

We were at first of the opinion that the discontinuance of the motion for a new trial, made in the court below, had been waived by appellee's consenting to an amendment of the motion after the discontinuance arose. We find upon further investigation that we were mistaken in supposing, or rather, in concluding, that such consent had been made.

[Louisville & Nashville R. R. Co. v. Young.]

The bill of exceptions, not having been signed as re-quired by law, cannot be considered as to the original hearing, nor as to the motion for a new trial, since any rights under that motion had failed by reason of the discontinuance.

We see no reason for changing our first conclusion of an affirmance of the judgment appealed from.

A,ffirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.