# Long *v*. The State.

## *Murder.*

(Decided Nov. 30, 1911. 57 South. 62.)

1. *Trial; Objections to Evidence; Time.*—Where the question eliciting the evidence is not objected to when asked, a motion to exclude the evidence comes too late after the question has been answered.

2. *Evidence; Res Gestate.*—A question as to what was said between deceased and a witness sometime after the difficulty was over and at a place other than where the difficulty occurred, was too remote and not of the res gestate.

3. *Trial; Argument of Counsel; Objection.*—Objection to an argument of the solicitor and motion to exclude same, must be made pending the trial, and before the jury has retired, otherwise they come too late.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Lee Long was convicted of manslaughter in the second degree and he appeals. Affirmed.

BARNES & DENSON, for appellant. The question to the witness Lucius Pope and his answer thereto should have been excluded.—*Watkins v. The State*, 89 Ala.

82; *Fuller v. The State,* 117 Ala. 36; *McKce v. The State,* 82 Ala. 32. The court should have sustained objection to the argument of the solicitor, and should have excluded it.—*Dollar v. The State,* 99 Ala. 236.

R. C. BRICKELL, Attorney General, for the State.

WALKER, P. J.—From anything that appears from the bill of exceptions the statement of Lucius Pope, a witness for the state, that "I saw the place where the knife stabbed him," may have been in response to a question clearly seeking to elicit such a statement. It not appearing that the question calling for the statement was objected to, it cannot be said that the defendant was entitled to have his motion to exclude that statement sustained, conceding that the testimony would have been subject to objection duly interposed.

The court was not in error in sustaining the objection to the question of the defendant to his witness Blackmore: "What did you say to him, and he to you, at O'Grady's store after the difficulty was over, about the knife in his hand?" What the witness may have said to the deceased some time after the difficulty, at a place other than that at which the difficulty occurred, clearly was not admissible over the objection duly interposed by the state to such evidence; nor was it made to appear that the statement of the deceased which was called for by the question was so connected in time and place with the difficulty to which it referred as to constitute it a part of the *res gestae* of the occurrence which was under investigation.

It does not appear from the bill of exceptions that the defendant's objection to, or his motion to exclude, a statement made by the solicitor in his closing argument to the jury was taken or reserved pending the

[Weaver v. The State.]

trial, or before the jury had retired to consider its verdict. For anything disclosed by the record both the objection and the motion to exclude may not have been made until after the jury had retired, and, if so, they were too late.—*Donahoo & Matthews v. Tarrant,* 1 C. of App. 446; 55 So. Rep. 270; *Moore v. The State,* 40 So. Rep. 345.

Affirmed.