(95 South. 171)

### ANDERSON v. STATE. (6 Div. 481.)

(Supreme Court of Alabama. Nov. 2, 1922. Rehearing Denied Jan. 25, 1923.)

**1. Criminal law ⬅1166½(5)—Drawing of special venire not reviewed when defendant not prejudiced.**

Where the order for a special venire and the drawing thereof were without prejudice to defendant, the action of the court will not be reviewed.

**2. Criminal law ⬅354—Plea of insanity permits much latitude in admitting evidence.**

The issue presented by a plea of not guilty by reason of insanity gives much latitude, both to defendant and the state, to introduce evidence of defendant's acts, declarations, and conduct, not only at the time of the offense, but prior and subsequent thereto.

**3. Criminal law ⬅439, 716—Standard textbooks may be introduced, and extracts read to jury on issue of insanity.**

On the issue of insanity, text-books on mental diseases shown to be standard works may be introduced in evidence, and extracts therefrom read to the jury.

**4. Criminal law ⬅1056(2)—Oral charge not reviewed, in absence of reserved exception.**

Under Act Sept. 25, 1915 (Laws 1915, p. 815), the oral charge, though made a part of the record, will not be reviewed, unless exception was duly reserved.

**5. Criminal law ⬅763, 764(7)—Charges to acquit properly refused, when jury question was made by evidence.**

Where a jury question was presented as to the commission of the offense of robbery by defendant, charges that if the jury believed the evidence they could not find him guilty were properly refused.

**6. Criminal law ⬅829(6)—Instruction on insanity held sufficiently covered by charges given.**

An instruction that if defendant's mental development was arrested by disease or constitutional psychopathy, and if his mental development was that of a child eight or nine years old, he could not be held responsible for crime as an adult, but "should be considered and treated as a child," was properly refused because sufficiently covered, where the court charged that insanity embraced every species of unsoundness or derangement of mind from any source or cause, and submitted the three inquiries required in every criminal trial where the defense of insanity is interposed, especially as the requested charge was objectionable because of the quoted phrase.

**7. Criminal law ⬅494—Jury may find defendant guilty notwithstanding opinions of medical experts that he is insane.**

Under a plea of insanity, opinions of medical men are not binding on the jury, even when they have had ample opportunity to observe the character and phenomena of defendant's disease, but are to be weighed with other evidence, and,

if the whole evidence does not clearly prove to the reasonable satisfaction of the jury that legal insanity existed, the jury may find defendant guilty notwithstanding such opinions.

**8. Criminal law ⬅740—Question of insanity for jury on conflicting evidence.**

On the issue of insanity, where material evidence pro and con is introduced, there are presented opposing presumptions on a subject-matter involving the application of common knowledge as to which expert and nonexpert witnesses may testify, and a jury question is presented.

**9. Criminal law ⬅782(14)—Instruction to acquit if jury have reasonable doubt of guilt properly refused as misleading when insanity pleaded.**

Where insanity is pleaded, affirmative instructions that, if the jury have a reasonable doubt of defendant's guilt, they must acquit, may properly be refused as tending to mislead the jury with respect to the burden of proof imposed on defendant by Code 1907, § 7175, to clearly prove such defense to the reasonable satisfaction of the jury.

**10. Criminal law ⬅881(2)—General verdict of guilty sufficient, when defendant pleads not guilty and not guilty by reason of insanity.**

Under Code 1907, § 7177, where defendant pleaded not guilty and not guilty by reason of insanity, a general verdict, finding defendant guilty as charged, and prescribing his punishment, sufficiently responded to both issues.

**11. Criminal law ⬅782(14)—Instructions held properly refused as contrary to statute imposing burden on defendant to prove insanity.**

Instructions that if the jury were not reasonably satisfied beyond a reasonable doubt of defendant's criminal responsibility they could not convict; that before they could convict they must be satisfied beyond a reasonable doubt, not only that he was guilty, but that he was mentally sane, and if they had a reasonable doubt as to either proposition they could not convict; that before they could return a verdict of guilty they must be satisfied beyond a reasonable doubt that he was guilty and of sound mind; and that if they had a reasonable doubt as to his mental soundness they could not find him guilty—*held* properly refused, as contrary to Code 1907, § 7175, imposing on defendant the burden of proving insanity to reasonable satisfaction of the jury.

**12. Constitutional law ⬅70(3)—Court not concerned with consequences of enforcement of law as written.**

As Code 1907, § 7175, in plain and unambiguous language imposes the burden of proving insanity on defendant, the court is not concerned with the consequences that may result from the enforcement of the law as plainly declared in the statute.

**13. Criminal law ⬅466—All information, knowledge, or opportunity forming basis of nonexpert's opinion is competent on cross-examination.**

On cross-examination of nonexpert witnesses, testifying as to insanity, all information,

---

knowledge, and opportunity of the witness on which the opinion rests or is based is competent.

**14. Criminal law ☞1171(1)—Prejudicial character of improper remarks dependent on issues, parties, and general circumstances.**

The prejudicial qualities of improper remarks or argument of counsel depend largely upon the issues, parties, and general circumstances of the case.

**15. Criminal law ☞919(5), 1037(1), 1045, 1055—Objection, ruling, and exception, or refusal to rule generally necessary to obtain new trial or review of improper argument.**

Improper argument of counsel is not generally ground for new trial or subject to review, unless there is prompt and appropriate objection and ruling by the court and exception thereto, or a refusal of the court to rule on the objection.

**16. Criminal law ☞728(3, 4)—Objection to improper argument must be proper and timely.**

Objection to improper argument of counsel must be proper and timely, and not raised by a requested charge, and must invoke ruling or action by the court thereon.

**17. Criminal law ☞728(4)—Specific exception to each ruling on remarks of counsel necessary.**

Specific exception must be taken to each ruling or action of the court on objection to counsel's remarks or argument, unless the remark be within the recognized exception to the rule requiring objection or motion.

**18. Criminal law ☞728(4)—Objection to remark, improper because of matter not in evidence, must point out the improper statement.**

Where the statement of counsel is only objectionable because of matter of fact not in evidence, the objection and motion complaining thereof should point out the improper statement, and separate it from the proper matter of the context.

**19. Criminal law ☞719(1)—Improper remark must be made as of fact, and be pertinent and tend to influence jury.**

A statement of counsel to justify a reversal must be made as of fact, unsupported by evidence, and must be pertinent to the issue, and its natural tendency must be to influence the finding of the jury.

**20. Criminal law ☞728(2)—Objection or motion not necessary when remarks so prejudicial as to be incurable.**

No objection or motion invoking corrective instruction or action by the court is necessary, where the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party that neither retraction nor rebuke by the trial court would destroy its sinister influence.

**21. Criminal law ☞730(3, 14), 1171(1)—Remarks and argument of counsel held not prejudicial, or, if so, cured by court's action.**

On a trial for robbery in which defendant pleaded insanity, argument of counsel that if defendant was sent to the asylum he would be out in a few years, and questions on cross-examination of witnesses testifying on the issue of insanity as to whether they had heard of the commission of other crimes by defendant, *held* not prejudicial, or, if so, cured by the prompt and explicit action of the court by way of admonition to counsel and instructions to the jury, especially as some of the questions asked were relevant to rebut evidence offered by defendant.

**22. Robbery ☞23(2)—Nature and extent of violence held competent.**

On a trial for robbery, evidence of the nature and extent of the violence inflicted on the victim, as that his handkerchief and eye shade were stained by blood from a wound in his head, was competent to corroborate the victim's testimony as to the fact and circumstances of the robbery and the conditions under which it was perpetrated.

**23. Robbery ☞23(2)—Testimony as to age of victim held competent as illustrating situation of parties.**

On a trial for robbery, testimony of the victim that he was 19 years old *held* admissible, as tending to illustrate the situation of the parties.

**24. Criminal law ☞351(10)—Robbery ☞23(3)—Evidence concerning money taken from defendant and another and money found in car in which they were transported and attempt to get rid of evidence held competent.**

Evidence that when defendant and another were arrested for robbery shortly after its commission certain moneys were taken from them, and that money was afterwards found in the automobile in which they were transported to the city hall, and that one of them, while in the automobile, kept fumbling in his pocket, though told to keep his hands out of his pockets, was admissible as tending to corroborate the evidence concerning the robbery, and the taking of money, and as tending to show an attempt on the part of the prisoner to get rid of the money.

**25. Criminal law ☞404(3)—Pistol properly admitted when evidence warranted inference that it was used in committing crime.**

On a trial for robbery, a pistol was admissible in evidence, where it was properly identified, and there was evidence from which reasonable inference might be drawn that it was employed by defendant at the time of the commission of the crime.

**26. Robbery ☞23(1, 3)—Evidence of report of robbery and finding of weapon held admissible.**

On a trial for robbery, evidence that it was promptly reported to the police authorities, and that officers immediately went to the vicinity in search of the perpetrators and arrested defendant and another, and took a blood-stained pistol from defendant, *held* admissible.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C. L. Anderson was convicted of robbery, and he appeals. Affirmed.

Count 4 of the indictment is as follows:

"(4) The grand jury of said county further charge that, before the finding of this indictment, Claude L. Anderson feloniously took two $1 bills, of the paper currency of the United States of America; one 50 cent piece, of the silver coin of the United States of America, and 50 cents, in the lawful currency of the United States of America, which said 50 cents consisted of 10-cent pieces of the silver coin of the United States of America and 5-cent pieces of the nickel coin of the United States of America, a more particular description and denomination of which said 50 cents, of the lawful currency of the United States of America, is to the grand jury unknown, the property of Lloyd Franklin McEachern, from his person, and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same."

The following charges were refused to defendant by the trial court:

"(4) If the jury believe the evidence, they cannot find the defendant guilty under the fourth count of the indictment."

"(7) If the jury believe the evidence, they cannot find the defendant guilty."

"(9) If the jury believe from the evidence that the mental development of the defendant was arrested by reason of disease, or as a result of constitutional psychopathy, and that his mental development is that of a child 8 or 9 years old, he could not, as a matter of law, be held responsible for crime as an adult, but should be considered and treated as a child."

"(11) If, after considering all the evidence carefully, there is in the minds of the jury a reasonable doubt of the defendant's guilt, he should be given the benefit of said doubt and acquitted.

"(12) If, from all the evidence the jury are not reasonably satisfied beyond a reasonable doubt of the criminal responsibility of the defendant, they cannot convict him of the crime charged in the indictment.

"(13) Before the jury can convict the defendant of the crime charged, they must be satisfied from all the evidence beyond a reasonable doubt, not only that the defendant is guilty of the crime as charged, but that he was mentally sane, and if the jury, after hearing all the evidence, have a reasonable doubt as to either of these propositions, they cannot convict the defendant of the crime charged in the indictment.

"(14) Before the jury can return a verdict of guilty in this case, they must be satisfied beyond a reasonable doubt that the defendant is guilty of the crime as charged, and that he was of sound mind at the time said crime was committed.

"(15) If from all the evidence the jury has a reasonable doubt as to the mental soundness of the defendant at the time of the commission of the alleged crime, they cannot find him guilty."

The following statement appears in the court's oral charge:

"For your guidance in determining the issue of insanity under the issue formed by the defendant's plea of insanity, the questions which the jury must determine, or decide from all the evidence on this issue, are as follows:

"First. Was the defendant, at the time of the alleged commission of the crime charged in the indictment, as a matter of fact, afflicted with a disease of the mind, so as to be either idiotic or otherwise insane?

"Second. If he was thus insane, did he, as a matter of fact, know right from wrong, as applied to the particular act in question? If he did not know right from wrong, as applied to the particular act in question, he is not legally responsible for his act, and should not be punished.

"Third. If he did know right from wrong, as applied to the particular act in question, he may, nevertheless, not be legally responsible, if the two following conditions exist together: First. If by reason of the duress or control of such mental disease he had so far lost the power to choose between the right and the wrong and to avoid doing the act in question as that his free agency was at the time destroyed; second, and if, at the same time the alleged crime was so connected with such mental disease in relation of cause and effect as to have been produced by such mental disease solely."

B. M. Allen and John T. McEwen, both of Birmingham, for appellant.

Any question addressed to any witness containing reference to crime, accusations of crime, offenses or misconduct of defendant, separate and distinct from the offense for which he is on trial, is prejudicial to defendant, and tends to procure his conviction on insufficient evidence of the offense for which he is being tried. 78 Ala. 474, 56 Am. Rep. 45; 79 Ala. 21; 83 Ala. 39, 3 South. 319; 88 Ala. 98, 7 South. 315; 11 Ala. App. 188, 65 South. 702; 137 Ala. 28, 34 South. 396; 144 Ala. 140, 39 South. 249; 160 Ala. 96, 49 South. 679; 17 Ala. App. 353, 85 South. 833; 205 Ala. 197, 87 South. 833. A remark or statement of counsel for the state, in the presence of the jury, containing reference to any crime, or offense, or accusation thereof, of defendant, separate and distinct from the crime of which he is on trial, is grossly improper and highly prejudicial to defendant, and neither rebuke nor retraction can entirely overcome its hurtful influence. 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543. Insanity, without regard to its degree, origin, or development, is a disease of the mind. 81 Ala. 577, 2 South. 854, 60 Am. Rep. 193. Where counsel for the prosecution, either directly or indirectly, get before a jury improper and prejudicial matter, by illegal questions, or by repeating illegal questions, the case should be reversed. 68 N. H. 333, 44 Atl. 487; 95 Iowa, 331, 64 N. W. 261; 120 Mich. 364, 79 N. W. 567, 77 Am. St. Rep. 602; 61 Minn. 224, 63 N. W. 627; 172 N. Y. 507, 65 N. E. 494; 6 Tex. Civ. App. 215, 25 S. W. 468; 113 Wis. 123, 87 N. W. 1101, 89

N. W. 113; (Tex. Civ. App.) 142 S. W. 959; 133 Ky. 539, 118 S. W. 352, 19 Ann. Cas. 294; 11 Ala. App. 168, 65 South. 675; 226 Fed. 420, 141 C. C. A. 250, L. R. A. 1916D, 1118; 66 Iowa, 56, 23 N. W. 260.

Harwell G. Davis, Atty. Gen., and Ellis & Matthews, of Birmingham, for the State.

The defense of insanity in all criminal prosecutions shall be clearly proven to the reasonable satisfaction of the jury. Code 1907, § 7175; 130 Ala. 51, 30 South. 422; 83 Ala. 96, 3 South. 600; 139 Ala. 16, 36 South. 1012; 119 Ala. 1, 25 South. 255. On trial of the issue of insanity, much latitude is given both to the state and defendant as to the acts, condition, and conduct of defendant, not only at the time of the offense, but prior and subsequent thereto. 201 Ala. 574, 78 South. 918; 172 Ala. 402, 55 South. 255, 34 L. R. A. (N. S.) 990; 1 Greenl. Ev. (16th Ed.) 58. Where insanity is pleaded, instructions to the effect that, if the jury have a reasonable doubt of defendant's guilt, they must acquit, are properly refused, as tending to mislead the jury as to the burden and degree of proof imposed on the defendant. 135 Ala. 51, 33 South. 694; 89 Ala. 150, 7 South. 824; 140 Ala. 87, 37 South. 81.

THOMAS, J: The charge was robbery; verdict and judgment were of guilt as charged under the fourth count of the indictment, and punishment was fixed at life imprisonment in the penitentiary. On suggestion of defendant's insanity by his counsel (before sentence) the trial court declined to relieve the defendant from imprisonment in the penitentiary or order his safe custody and removal to the insane hospital on such ground, and sentenced him pursuant to the verdict of the jury. To this action of the court defendant excepted, and the appeal is prosecuted.

[1] It is recited in the judgment that defendant raised no objection as to the drawing of the jury for the trial of the cause before he was formally arraigned, and that it was agreed by defendant in open court that the special venire drawn by the court for the trial of capital cases for March 7, 1921, should be drawn before defendant's arraignment, that no point or objection to same would be raised by defendant to the venire or to the order of the court providing the same, and that no objection was or is duly raised by defendant (Johnson v. State, 205 Ala. 665, 89 South. 55; Paitry v. State, 196 Ala. 598, 72 South. 36) to the sufficiency of venire or the order therefor. The action of the court as to same is not for review, since the order and drawing of the special venire was without prejudice to defendant. Walker v. State, 204 Ala. 474, 85 South. 787; Anderson v. State, 204 Ala. 476, 85 South. 789; Davis v. State, 205 Ala. 673, 88 South. 868; Charley v. State, 204 Ala. 687, 87 South. 177; Edwards v. State, 205 Ala. 160, 87 South.

179; Whittle v. State, 205 Ala. 639, 89 South. 43.

A careful consideration of the evidence submitted on the motion for a change of venue and for a new trial on such ground convinces us that no error was committed in denying and overruling the same. No good purpose would be subserved by reviewing the evidence or the decisions of this court on the question. Hardley v. State, 202 Ala. 24, 79 South. 362.

[2, 3] Under defendant's plea of "not guilty by reason of insanity," the issue presented gives much latitude both to the defendant and the state to introduce evidence of defendant's acts, declarations, and conduct, not only at the time of the offense, but prior and subsequent thereto. McCurry v. Hooper, 12 Ala. 823, 46 Am. Dec. 280; McLean v. State, 16 Ala. 672; McAllister v. State, 17 Ala. 434, 52 Am. Dec. 180; Braham v. State, 143 Ala. 28, 38 South. 919; Howard v. State, 172 Ala. 402, 55 South. 255, 34 L. R. A. (N. S.) 990; Russell v. State, 201 Ala. 574, 78 South. 916; 1 Greenl. on Ev. (16th Ed.) p. 58. Text-books on mental diseases, shown to be standard works, may be, and were, introduced in evidence, and extracts therefrom read to the jury. Russell v. State, supra.

[4] The oral charge, though made a part of the record by statute, will not be reviewed unless exception was duly reserved. No such exception being presented by bill of exceptions, as to instructions by oral charge, nothing is presented for review under the act of September 25, 1915, p. 815. Whittle v. State, 205 Ala. 639, 89 South. 43; McPherson v. State, 198 Ala. 5, 73 South. 387; Ex parte State (Montgomery v. State) 204 Ala. 389, 85 South. 785; Tucker v. State, 202 Ala. 5, 79 South. 303; Oil Well Supply Co. v. W. Huntsville C. M. Co., 198 Ala. 501, 73 South. 899.

[5] A jury question being presented on the issue of fact of the commission of the offense of robbery by the defendant, charges 4 and 7, requested by him, were properly refused under the issue presented by his plea of not guilty. McMillan v. Aikan, 205 Ala. 35, 88 South. 135.

[6] A further treatment of defendant's responsibility for the crime of which he is charged (and under his plea of "not guilty by reason of insanity") was sought to be presented by refused charges numbered 9, 11, 12, 13, 14 and 15. The matter sought to be given the jury in charge 9 was covered by given charges, though it was objectionable in the use of the phrase "should be considered and treated as a child."

It may be said that thought is the legislative power of a human being, just as the will is the executive power of such a life. Insanity, without regard to origin, development, or degree, is a disease of the mind. And when the mental faculties of a human being (of the age of accountability) become impaired, as the result of a lesion of the brain, or by congenital or constitutional psychop-

athy, or by retarded mental development or otherwise, to the degree recognized by law, the fact of whether or not there is accountability for crime committed by one suffering from such disease of the brain must be determined according to the rules stated in Parsons v. State, 81 Ala. 577, 596, 597, 2 South. 854. It was on this theory that the trial was had. Aside from the refusal of foregoing charges, the trial court in the oral charge instructed that "insanity" embraced every species of unsoundness or derangement of the mind "whatever the source or cause," and submitted to the jury the three inquiries required in every criminal trial where the defense of insanity is imposed. The oral instruction given and rulings as to special charges requested by defendant were in conformity with the principles announced in the Parsons Case for the determination of criminal responsibility under a plea of insanity. An attempt to extend the principles or restate the tests announced in the Parsons Case is unnecessary; they are adequate for the determination of the necessary fact, and in application to the facts of a given case are in accord with the discoveries since made in that branch of "psychological medicine" or of science dealing with mental diseases, defects, and derangements.

[7, 8] The opinions of medical men, under a plea of insanity, are by no means binding on juries even when such experts have had ample opportunity to observe the character and phenomena of defendant's disease; such opinions being admitted to be weighed with the other evidence; and, if the whole evidence does not clearly prove to the reasonable satisfaction of the jury that insanity (such as is recognized to excuse crime) existed at the time the act was done, the jury may find the defendant guilty (if the other facts warranted that verdict), although the medical witnesses were of the opinion that the prisoner was insane at the time of the commission of the offense. McAllister v. State, supra; Watson v. Anderson, 13 Ala. 202; Braham v. State, supra. Under the issue of "not guilty by reason of insanity," and where on the trial material evidence pro and con was introduced, there is presented opposing presumptions on a subject-matter involving the application of common knowledge, and as to which expert and nonexpert witnesses may testify. Such being the character, extent, and opposing presumptions of the testimony in this case, a jury question was presented. Howard v. State, supra.

[9] Where insanity is pleaded, affirmative instructions to the effect that, if the jury have a reasonable doubt of defendant's guilt, they must acquit him, may be justified in the refusal as tending to mislead the jury as to the burden of proof imposed on the defendant by the law under his plea of "not guilty by reason of insanity," where there was evi-

dence pro and con as to defendant's sanity. Porter v. State, 140 Ala. 87, 37 South. 81; Id., 135 Ala. 51, 33 South. 694; Maxwell v. State, 89 Ala. 150, 165, 7 South. 824; Rice v. State, 204 Ala. 104, 85 South. 437. The burden of proof imposed by the law on a defendant under a plea of insanity in criminal prosecutions is that the same "shall be clearly proved to the reasonable satisfaction of the jury." Code, § 7175; Parrish v. State, 139 Ala. 16, 36 South. 1012; Porter v. State, supra; Martin v. State, 119 Ala. 1, 25 South. 255; Gunter v. State, 83 Ala. 96, 3 South. 600. No reversible error was committed in the refusal of defendant's charge 11. It was fully covered in the oral charge.

[10] The verdict of the jury, under the issue presented by defendant's plea of not guilty and not guilty by reason of insanity, was a general verdict of conviction, viz.:

"We, the jury, find the defendant guilty as charged in the fourth (4) count of the indictment and fix his punishment at life imprisonment in the penitentiary,"

and as such amply responded to both issues. Code, § 7177; Rice v. State, 204 Ala. 104, 85 South. 437; Maxwell v. State, supra.

[11, 12] Defendant's burden of proof, sought to be declared in refused charges numbered 12, 13, 14, and 15, is not in accord with the statute. Code, § 7175. The burden of proof under his plea of "not guilty by reason of insanity" being declared in plain and unambiguous language, we are not concerned with the consequences that may result from the enforcement of the law as we find it plainly declared in the statute. "Ita lex scripta est." Butler Cotton Oil Co. v. Brooks, 204 Ala. 195, 197, 85 South. 778; Evans v. Evans, 200 Ala. 329, 336, 76 South. 95; Hamner v. Smith, 22 Ala. 433; Brooks v. State, 88 Ala. 122, 127, 6 South. 902; S. W. B. & L. A. v. Rowe, 125 Ala. 491, 497, 28 South. 484.

In the heat of argument, counsel for the state said to the jury: "If you send the defendant to Tuscaloosa, in two or three years he will be out." Defendant "then and there duly excepted to said statement." To this the court promptly said:

"Of course, gentlemen of the jury, argument of counsel in regard to what will be done with a man if he is committed to Tuscaloosa should have no weight with you or bearing on your verdict, because it is to be presumed the authorities there would act in accordance with what the law requires in regard to insane persons, and of course the argument in that regard should not be considered by you, because it is improper."

We will consider this remark of state's counsel with other remarks made on the introduction of the evidence. Defendant's mother, having testified of his peculiarities, gave opinion that he was insane, that she had wanted to take action to put defendant

in an asylum, and explained that the father of defendant had not taken such action by reason of the latter's illness. On cross-examination she was shown a paper writing, and asked by the state's attorney if that "was his signature." Defendant objected on the ground that the question called for immaterial, irrelevant, incompetent, and hearsay evidence, and the court sustained the objection. At this juncture, counsel for the state said:

"We offer to show that he was under indictment here and his father made his bond, and his parents never made any efforts to complain to the court or anybody else about his mental capacity."

The court inquired, "When was that?" and counsel answered, "June 4, 1920." Defendant's counsel excepted to said statement and the court "sustained objection." Defendant's counsel requested that an exception be noted, and the court said: "The exception I presume was taken down by the stenographer." Defendant's objections were sustained as interposed, and the offer of state's counsel to show that defendant was under other indictment on or about June 4, 1920, was not permitted, and no such objectionable evidence was introduced.

The witness Roper (examined by defendant) had stated certain peculiarities of defendant, and concluded that part of his testimony with the observation that he did not "know of anything else that the defendant did out of the usual." Whereupon defendant's counsel asked:

"Do you know about his stealing a cow down there and selling it at Powderly to enable a friend of his to get some money?"

To which state's counsel replied:

"We have no objection to going into the various offenses this man has committed. He has objected time and again when we sought to prove other offenses and other violations of the law; we will be fair with him, and go into all that. We do object to going into these several offenses, unless he permits us to go into the others."

To which defendant's counsel replied, "I respectfully decline the state's proposition," and state counsel withdrew the objection. To this defendant's counsel said:

"I reserve an exception to the statement of counsel in connection with his objection, that he proposes to let the bars down, and that we had objected to him going into a lot of crimes. Want to get it into the record and except to it."

The court said to the jury:

"The remark of the attorney for the state, gentlemen, * * * in that regard should not be considered by you. There was no point raised about any other offense except the question that was asked, and therefore it would be improper, and the court so rules, and asks you not to consider any statement of that kind, and to let it have no bearing whatsoever or any weight with you in your decision of the case, and it should not have been asked."

Defendant's counsel then stated to the court:

"I desire to say * * * that one of the evidences of insanity is criminality and inability to resist crime; inability to resist infractions of the law; inability to submit to discipline; that is one of the strongest recognized evidences of insanity which the defendant has a right to prove, but which the state has not."

The court, having theretofore stated to the witness, "Answer the question," concluded the matter by saying, "Go ahead, gentlemen," and the witness answered, "I don't know anything about the defendant stealing a cow and selling it—just what I heard about it," The witness then recounted his observations of defendant's conduct which he thought and had observed to be extraordinary or unnatural, as was permissible under the law by a nonexpert witness testifying under the issue made by the defendant's plea of not guilty by reason of insanity. Whereupon, on cross-examination, witness stated that from the facts detailed in his direct examination he based his opinion that defendant's mind was "unsound." He was asked:

"Is there anything else that you base it on— the fact that he slept in box cars and the fact that he had a good home and would not stay at home and had cotton seed hulls on his clothing? What else?"

Defendant objected to the question on stated grounds. The court overruled the objection, and defendant duly excepted. Witness, answering in the affirmative, was asked by state's counsel if he had "heard about him stealing a watch and jewelry out of the residence of Mrs. Gay Smith." Defendant objected on the ground that the question called for immaterial, irrelevant, incompetent, and illegal testimony; and, notwithstanding the court sustained the objection, defendant's counsel further stated:

"I want to except to the asking of that kind of question by special counsel for the state."

To which the court replied:

"I sustain the objection and state, gentlemen, that that line of inquiry is improper in this kind of case—in fact in any kind of case where you are trying a man on one charge, to ask what he heard about him committing other alleged offenses; it is immaterial, irrelevant, incompetent, and illegal, and the court directs you to let it have no weight in your minds, gentlemen."

The court concluded with the admonition to counsel:

"Please don't continue those kind of questions * * * because the court is positive that those are not legal questions."

To which defendant's counsel reserved an exception to the asking of the question by counsel for the state; and at this juncture state's counsel said:

"We want to deny the accusation; that is the purpose of it, and none other. We thought when he [defendant, we interpolate] had the right to inquire into it * * * we were honestly of the opinion the state had the same right to inquire into whether he heard of other offenses. Of course we adhere to the court's ruling, and will not indulge any further."

The foregoing were of questions sought to be propounded on cross-examination to nonexpert witness for the defendant, expressing opinion of his insanity from the facts detailed in evidence. Burney v. Torrey, 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33; Ford v. State, 71 Ala. 385.

In Clarke v. State, 78 Ala. 474, 480, 56 Am. Rep. 45, the importance of a thorough and proper cross-examination to elicit truth and expose falsehood in the case of an unwilling, prejudiced, or perjured witness was observed; that this court has been liberal in the latitude allowed to cross-examine, wherein much must be left to the discretion of the trial court. And when a person is examined "who occupies only the relation of a witness," the defendant may not be affected (other than as the credibility of one of his witnesses may be impaired) by inquiries "made into past transactions, accusations of crime, and arrests and imprisonment for alleged offenses, as affecting" the credibility of the witness; for this purpose only such inquiries may be indulged to a reasonable extent. When the accused is himself the witness, not only may his credibility as a witness be affected by such evidence of other offenses—

"but his conviction may be obtained on his real or supposed commission of other and distinct offenses, when the evidence otherwise is in itself insufficient. To avoid such injustice, and to secure to the defendant a fair and impartial trial in the sense guaranteed by the law, the waiver of the constitutional immunity from compulsory self-examination should not be extended beyond facts which may be testified to by other witnesses, or which may be relevant to the issue, or may tend to elucidate it. Within these limits, the fullest cross-examination should be allowed; but its range into inquiries respecting past transactions and offenses, separate, and distinct, is prohibited by the constitutional inhibition."

See Smith v. State, 79 Ala. 21; Burger v. State, 83 Ala. 36, 3 South. 319; Rains v. State, 88 Ala. 91, 7 South. 315; Caldwell v. State, 160 Ala. 96, 49 South. 679; Walker v. State, 205 Ala. 197, 200, 87 South. 833. Of the alleged improper questions propounded on cross-examination to Mrs. Anderson, Mr. Roper, and Mrs. Killingsworth, concerning defendant's indictment or commission of other offenses, none of the authorities cited exactly supported the proposition argued. In all of these cases the questions alleged to have been prejudicial were propounded to a defendant, having become a witness in his own behalf, rather than to witnesses for the defendant. It has been held that such questions are proper when propounded to character witnesses who have testified in behalf of a defendant, for the purpose of testing information, source of knowledge, bias, etc., in the testimony given as to the defendant's character. Ex parte State (Johnson v. State) 199 Ala. 255, 74 South. 366.

[13] In the instant case the defendant did not testify, and the questions to which objections were made and sought to be propounded by the state were on cross-examination to nonexpert witnesses testifying to his insanity, and referred to other offenses or crimes purporting to have been committed by defendant. All the information, knowledge, and the opportunity of a nonexpert witness, on which is rested or which is the basis of the opinion of insanity, were competent. It has become a maxim of the law that in cases where insanity is relied upon as a defense, "Every act of the party's life is relevant to the issue." Howard v. State, 172 Ala. 402, 410, 55 South. 255, 257 (34 L. R. A. [N. S.] 990); Wright v. Tatham (1838) Clark & F. 670, 715, 722; 1 Greenl. on Ev. (16th Ed.) p. 58. In U. S. v. Holmes, 1 Cliff. (U. S. C. C.) 98, 109, Fed. Cas. No. 15382, Judge Clifford said:

"One of the suggestions at the trial in support of the objection was that the government, in attempting to rebut the testimony offered by the prisoner on this point [his insanity, we interpolate], should have been limited to the explanation or denial of the particular transactions, acts, conduct, and declarations introduced by the prisoner to make out his defense."

"That rule would be a very convenient one if it were the sole purpose of the law to acquit the guilty by establishing this ground of defense upon a partial view of the facts; but so long as it continues to be the purpose of the law, and of those who administer it, to ascertain the truth, the limitation suggested by the counsel for the prisoner cannot be sustained. Most men in the course of their lives, in times of excitement produced by disease or otherwise, do many strange or peculiar acts, and oftentimes give utterance to eccentric or unusual language; and it is obvious if a person accused of crime may select and offer in evidence all the dark spots of his life, or every peculiar and unusual act and declaration, and be allowed to exclude all the rest, that many guilty offenders must escape, and justice often be defeated, because the means of ascertaining the truth are excluded from the jury. Persons accused of crime have a right to set up this defense [his insanity being pleaded, and was here referred to], and when proved according to the rules of law, to the satisfaction of the jury, upon a view of all the facts, it is a legal and just defense. Beyond doubt the precise question to be tried in all such cases is, whether the accused was insane at the very time he committed the act, and to that point all the evidence must tend. Great difficulties

surround the inquiry, and it is for that reason that the rules of law allow a wide range of testimony in the investigation. * * * Evidence of acts, conduct, and declarations, both before and after the time of committing the act, tending to show an insane state of mind, are also admissible, as having some bearing upon the exact point in controversy. Lake v. People, 1 Parker, Cr. R. 556; Peaslee v. Robins, 3 Metc. (Mass.) 164; Grant v. Thompson, 4 Conn. 203; 1 Ben. & H. Lead. Cas., 104." State v. Hays, 22 La. Ann. 39, 40.

In Wharton's Criminal Evidence (10th Ed.) § 41, p. 155, the author declares that it sometimes occurs in a criminal trial that the case made by a criminal prosecution is not denied by the defense, but the effort is made to avoid a conviction by introducing a special plea of not guilty by reason of insanity; that—

"Replying to such a defense, it may happen that the facts shown by the prosecution in rebuttal discover another crime, and, of course, the same discrimination must be exercised as to its admissibility as if·it had been offered to make out the case in chief against the defendant, * * * and evidence which properly tends to show that the accused is of sound mind will not be rejected because it also tends to prove another offense."

In Hopps v. People, 31 Ill. 385, 83 Am. Dec. 231, on the trial of a party on charge of murder, where insanity was pleaded, the coolness and unconcern of the prisoner at the time of the commission of the act were features in the case, and from which the inference was sought to be drawn favorable to the plea. Held, proper to permit the prosecution to prove that 30 years theretofore defendant had been engaged in a violation of the revenue laws of the country by smuggling from and to Canada; such evidence being in the nature of rebutting evidence on the point made. See, also, Hall v. State, 31 Tex. Cr. R. 565, 21 S. W. 368; People v. Lane, 101 Cal. 513, 36 Pac. 16.

The effect of our cases dealing with the review of rulings of trial courts, or of their failure to act with respect to an improper remark or argument of counsel is:

[14] (1) That no iron-clad rule exists by which the prejudicial qualities of improper remarks or argument of counsel can be ascertained in all cases, much depending upon the issues, parties, and general circumstances of the particular case. Moulton v. State, 199 Ala. 411, 74 South. 454; Bridgeforth v. State, 16 Ala. App. 584, 80 South. 158; Ala. I. & F. Co. v. Benenante, 11 Ala. App. 644, 653, 66 South. 942; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas.·1916A, 543.

[15] (2) Generally, improper argument of counsel to or in the presence of the jury is not a ground for a new trial, or the subject of review on appeal, unless there is prompt and appropriate objection by opposing counsel, a ruling by the court, and exception thereto, or a refusal of the court to rule on the question presented by the objection. A. G. S. R. R. Co. v. McFarlin, 174 Ala. 637, 647, 56 South. 989;. Cross v. State, 68 Ala. 476; Johnson v. State, 152 Ala. 46, 44 South. 670; Ala. Steel & Wire Co. v. Sells, 168 Ala. 547, 52 South. 921; B. R., L. & P. Co. v. Gonzalez, supra; Gibson v. State, 193 Ala. 12, 21, 69 South. 533; Wolffe v. Minnis, 74 Ala.. 386, 389; M., J. & K. C. R. Co. v. Bromberg, 141 Ala. 258, 284, 37 South. 395; Scott v. State, 110 Ala. 48, 53, 20 South. 468.

[16, 17] (3) It follows that the objection must be proper and timely, and not raised· by a requested charge. Johnson v. State, supra; Ala. Steel & Wire Co. v. Sells, supra.; B. R., L. & P. Co. v. Morris, 163 Ala. 190, 50 South. 198; N. C. & St. L. v. Crosby, 183 Ala. 237, 62 South. 889; B. R., L. & P. Co. v. Gonzalez, supra; L. & N. R. Co. v. Holland, 173 Ala. 675, 689, 55 South. 1001; L. & N. v. Sullivan Timber Co., 126 Ala. 95, 104, 27 South. 760; Shelby Iron Co. v. Greenlea, 184 Ala. 496, 505, 63 South. 470; Long v. State, 2 Ala. App. 96, 57 South. 62.

(4) The objection or motion must be such as to invoke judicial determination—ruling or action by the court thereon. Johnson v. State, supra; B. R., L. & P. Co. v. Gonzalez, supra; Headley v. Harris, 196 Ala. 520, 71 South. 695; Sharp v. State, 193 Ala. 22, 28, 69 South. 122; Birmingham v. Carle, 191 Ala. 539, 552, 68 South. 22, L. R. A. 1915F, 797; Gibson v. State, supra; A. G. S. R. Co. v. Frazier, 93 Ala. 45, 50, 9 South. 303, 30 Am. St. Rep. 28; L. & N. v. Sullivan Timber Co.,· supra; and specific exception must be taken to each ruling or action of the court, unless the remark of counsel be such as is within the recognized exception to the rule re-. quiring objection or motion. B. R., L. & P.· Co. v. Gonzalez, supra; Ala. Steel & Wire Co. v. Sells, supra; A. G. S. R. Co. v. Frazier, supra; Shelby Iron Co. v. Greenlea, supra; Ashley v. State, 3 Ala. App. 84, 86, 57 South. 1027; Ala. I. & F. Co. v. Benenante, supra.

[18] (5) Where the statement of counsel is only objectionable because of matter of fact not in evidence, the objection and motion, should point out the improper statement and separate it from the proper matter of the context. N. C. & St. L. v. Crosby, supra; L. &. N. R. Co. v. Holland, supra; L. & N. R. Co. v. Hurt, 101 Ala. 34, 50, 13 South. 130; Sharp v. State, supra; B. R., L. & P. Co. v. Gonzalez, supra; B. R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C,. 1037; Wolffe v. Minnis, supra; Ala. I. &. F. Co. v. Benenante, supra.

[19] (6) The statement of counsel must be made as of fact unsupported by evidence, and "must be pertinent to the issue, or its natural tendency must be to influence the finding of the jury." Sharp v. State, supra; Cross v. State, supra; Mobile, J. & K. C. v. Brom-

berg, supra; B. R., L. & P. Co. v. Gonzalez, supra; Ala. Co. v. Brown, 207 Ala. 18, 92 South. 490.

[20] (7) An exception to the general rule requiring appropriate objection or motion invoking corrective instruction or action by the trial court is where the remark or argument of counsel is so grossly improper and highly prejudicial to the opposing party as that neither retraction nor rebuke by the trial court would have destroyed its sinister influence (B. R., L. & P. Co. v. Gonzalez, supra; Moulton v. State, supra; B. R., L. & P. Co. v. Drennen, supra; L. & N. v. Sullivan Timber Co., supra; Florence C. & I. Co. v. Field, 104 Ala. 480, 16 South. 538; Birmingham Nat. Bank v. Bradley, 108 Ala. 205, 19 South. 791; Wolffe v. Minnis, supra), as recognized appeals to race or class prejudice (Tannehill v. State, 159 Ala. 51, 48 South. 662; James v. State, 170 Ala. 72, 74, 54 South. 494; B. R., L. & P. Co. v. Drennen, supra; L. R. A. 1918D, 10, 24, 32, notes; Moulton v. State, supra).

[21] We are of opinion that the argument and statements of state's counsel in the presence of the jury, making reference to escape from the asylum or to defendant's having committed other crimes distinct from that for which he was on trial, were not prejudicial, or, if so, not such as was not eradicated by prompt and explicit action of the court, admonition to counsel, and instructions given the jury.

On analogy of foregoing authorities certain of the evidence in question sought to be introduced by state's counsel by way of cross-examination of witnesses having testified to defendant's insanity was relevant, as tending to rebut evidence offered by defendant in support of his plea of "not guilty by reason of insanity."

[22, 23] Exceptions were reserved to evidence tending to show that a short while after the commission of the offense McEachern, who was tied to a post in his place of business and robbed, called to a policeman passing, who released him, and sent in the report of the crime to police headquarters; that there were blood stains on his handkerchief and eye shade, which were stained by the flow of blood from the wound in his head; that a short while thereafter he identified defendant and one Cook, under arrest at the city hall, and witness was then carried to the hospital, where two or three stitches were taken in the wound. Evidence of the nature and extent of the violence inflicted on his person by defendant was competent. Brown v. State, 120 Ala. 342, 25 South. 182; Henderson v. State, 172 Ala. 415, 55 South. 816. No reversible error intervened by the introduction of such testimony, which was corroborative of McEachern's testimony of the fact and circumstances of the robbery, conditions under which the same was perpetrated, and the nature and extent of the violence inflicted upon him. The question by the state to McEachern as to his age, and his reply, "Nineteen," over the objection and exception of the defendant, present no reversible error. It tends to illustrate the situation of the parties—that presented to McEachern, a young man in the employment of his company, when approached by the defendant for the apparent purpose of a business arrangement for the father, when the latter employed force in accomplishing the robbery.

[24-26] On examination by the state of George Hendricks, a detective of the city of Birmingham, who arrested defendant on the night of the robbery, the apprehension by him and other officers of defendant and one Cook, the taking therefrom of the moneys in question, the transportation of said prisoners in an automobile to the city hall, and of the finding of "money in the car" was competent evidence tending to corroborate McEachern as to the robbery and taking moneys of the kind indicated, and as tending to show an attempt on the part of the prisoner to free himself of the moneys so found, by leaving it in the car. The witnesses had connected Cook and Anderson in the commission of the crime in question, and as being in the immediate vicinity thereof and about the time of commission of the offense.

The pistol offered in evidence, over defendant's objection, was properly identified, and there was evidence from which the reasonable inference may be drawn that it was an instrument employed by defendant at the time of the commission of the crime. There was no error in its introduction in evidence. The fact that complaint of the commission of the crime was promptly reported to the police authorities, robbery at Manhattan Rubber Company; that Officers Goad, Hendricks, and Walton went immediately to that vicinity in search of the perpetrators thereof, apprehended Cook and Anderson, taking defendant's pistol in question, which had blood on it, and took from them the money in question, and also the money left by one of them in the car—was properly admitted to the jury. The witness Goad testified that after the arrest of defendant and Cook, witness, Walton, and Hendricks came with them in the automobile to the police station; that one of the prisoners kept fumbling in his pocket, and that thereafter money was found in the car in a handkerchief; that such money or handkerchief did not belong to them or other officers who occupied the car that night. The tendency of this evidence was susceptible of the reasonable inference that, notwithstanding the warning of the officers to keep hands out of pockets, there was an effort on the part of the defendant or his confederate to be freed of the presence of

the money of the kind recently taken by force at the Manhattan Rubber Company's office, as detailed by witness McEachern.

A careful consideration of the whole record discloses no reversible error, and no good purpose would be subserved by further discussion of the many assignments of error included in the record.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.