196 So. 139

**ETHERTON v. STATE.**

**7 Div. 519.**

Court of Appeals of Alabama.

March 12, 1940.

Rehearing Denied April 2, 1940.

J. A. Johnson, of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was charged by indictment with distilling or manufacturing alcoholic, spirituous, malt or mixed liquors or beverages, a part of which was alcohol, in the first count of the indictment. The second count charged manufacture, sale, giving away or having in his possession a still, apparatus, appliance or device or substitute therefor to be used for the purpose of manufacturing or distilling prohibited liquors or beverages contrary to law. In answer to the indictment the defendant interposed his plea of "not guilty."

The evidence for the State tended to show that appellant was seen in the company of several other men at a place where there were three stills in operation. Deputy Sheriff Marbut, witness for State, testified that he saw the defendant firing one of the stills; that the defendant was smutty and dirty and was engaged in the operation of the stills at the time the officer discovered him along with the others at the stills.

Evidence for the defendant tended to show that he had nothing to do with the stills, did not fire a still, had no interest in the stills or the liquor or anything connected with the manufacture of the liquor.

The evidence, as may be noted from the foregoing statement thereof, was in sharp conflict, and presented a jury question, rendering inapt the general affirmative charge requested by defendant.

Under the issues in this case, that is to say, the accusations contained in the indictment, and the defendant's plea of not guilty, questions as to the mentality of the defendant were not involved, and the trial court correctly so held.

Pending the trial several exceptions were reserved to the court's rulings upon the admission of the evidence, but we conclude, after an examination of each of these questions, the court's rulings were entirely free of any error calculated to injuriously affect the substantial rights of the defendant. Testimony tending to show the smutty condition of the defendant's face, hands and clothes at the time of the "raid," and arrest of the accused, was not only admissible as being of the res gestae, but also properly submitted to the jury for its consideration in determining the controlling question as to the guilt or innocence of the defendant.

The objection to a portion of the argument of the Solicitor was overruled, but in this connection the court stated to defendant's counsel: "You brought that out yourself, but that has nothing to do with the guilt or innocence of this defendant; I overrule the objection as far as the State answer to your argument." Thus it conclusively appears no error prevailed in this connection. Moreover, it does not appear from the bill of exceptions that defendant's objection to the argument of the Solicitor, and his exception incident thereto, was made or exception reserved pending the trial, or before the jury retired to consider its verdict. For anything disclosed by the record, both the objection and exception, may not have been made and reserved until after the jury retired, and, if so, they were too late. Long v. State, 2 Ala.App. 96, 57 So. 62; Moore v. State, 146 Ala. 687, 40 So. 345; Anderson v. State, 209 Ala. 36, 43, 95 So. 171.

We note from the record that in addition to the refusal of the general affirmative charge, hereinabove discussed, the court refused to defendant two charges (unnumbered). Both of said charges were properly refused; the first unnumbered charge being merely an argument, and the second does not correctly state the law as to proper measure of proof.

There was nothing offered in support of defendant's motion for a new trial, the grounds upon which the motion is rested relate solely to the above-discussed ques-

tions, all of which have been decided adversely to defendant's insistences or contention. There was no error in overruling said motion.

The record proper is regular, no error apparent thereon, and, as none of the rulings of the court are infected with reversible error, it follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.