# Kabase *v.* Jebeles Colias Conf. Co.

*Detinue.*

(Decided May 12, 1908.   46 South. 581.)

1. *Exceptions, Bills of; Construction.*—Where a bill of exceptions is susceptible of two constructions, one of which will support the judgment, and the other reverse it, it will be construed so as to support the judgment; the rule being to construe it most strongly against the party excepting].

2. *Same; Review; Questions of Fact.*—Where the judgment is rendered by the court without a jury, and the evidence supports the finding, it will not be disturbed on appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Detinue by the Jebeles & Colias Confectionery Company against Joe Kabase for a soda fountain and fixtures. Judgment for plaintiff, and defendant appeals. Affirmed.

The evidence tended to show the purchase by appellant from appellee of a soda fountain and fixtures, a payment of $50 thereon, and the execution of notes for $65, payable in installments, and retaining title in the seller until paid for; that the fountain was in good order for a secondhand fountain, and that its rental value was about $20 per month; and that demand had been made on appellant before suit was brought for its return. The defendant pleaded, and his evidence tended to support the plea, that when he purchased the soda fountain Colias represented that is was in good order and ready for use, and that they would set it up and start it to running for him; that they did set it up and start it to running, but that it was no good, leaking in many of its valves and in its syrup cup, and could not be used; that the day after it was set up appellant informed appellees

that it was of no use to him in its condition, and asked that the fount and fixtures be taken back and his money returned to him, and he still tendered the fount and fixtures, conditioned on the return of payments he had made; and, further, that he was not acquainted with the soda water business, knew nothing of soda founts, nor how to use them, and relied solely on the representations of Colias as to the condition, etc., of the fount.

CHARLES A. DOUGHERTY, and FRANCIS M. LOWE, for appellant. The gist of the action is the wrongful detention. The plaintiff must have the right of possession at the commencement of the suit.—*Jesse French P. & O. Co. v. Bradley,* 138 Ala. 180. When a purchase of property is made through false pretense or like fraud, the party defrauded may elect to rescind the sale within a reasonable time after discovering the fraud. This involves the restoration of whatever of value each may have received under the contract, so if payment has been made the tender may be qualified by a retention of possession until restitution is made.—Authorities supra; *Eagan & Co. v. Johnson,* 82 Ala. 238. The agreements must be in writing.—*Collier v. Faulk,* 66 Ala. 229; *Wright v. Evans,* 53 Ala. 103.

McCROSSIN & GARRETT, for appellee. The goods were second hand articles and the defendant buying them is charged with notice of any defects.—*Darby v. Kroell,* 92 Ala. 607.

DOWDELL, J.—This cause was tried by the court below without the intervention of a jury, and judgment was rendered in favor of the plaintiff, from which the defendant appeals. The bill of exceptions recites at its conclusion as follows: "The above contains all the testimony offered upon above trial. And the court upon

[Ketchum v. Faircloth-Segrest Co.]

consideraton of all the evidence gave judgment for the plaintiff for the possession of the articles sued for, and taxed the defendant with the costs. To this action the defendant then and there objected, and the court overruled his objection, and the exception was duly and legally noted."

It may be questioned whether this is a sufficient reservation of an exception to the judgment rendered. A bill of exceptions is construed most strongly against the party excepting, and if it will admit of two constructions, one of which will reverse and the other support the judgment, the latter construction will be adopted.— *McGehee v. State,* 52 Ala. 224. But we need not decide the question. The evidence fully supports the judgment of the trial court, and, as the judge had the witness before him, we decline to disturb the judgment.

Affirmed.

TYSON, C. J., and SIMPSON and MCCLELLAN, JJ., concur.