(91 South. 885)

**TEA JAVA COFFEE CO. et al. v. SAXON CHINA CO. (6 Div. 263.)**

(Supreme Court of Alabama. Dec. 22, 1921.)

**1. Trial ⬅➡129—Improper argument, provoked by improper remarks of appellant's counsel, not reversible error.**

Improper statements or arguments of counsel, which were provoked or produced by improper statements or remarks of appellant's counsel, are not ground for reversal.

**2. Evidence ⬅➡151(1)—Exclusion of buyer's testimony that he relied on seller's representation held proper, being question for jury.**

In an action for the balance due on the purchase price of china, the quality of which defendant alleged was misrepresented by plaintiff's salesman, the court did not err in excluding defendant's testimony that he relied on such representation, that being for the jury, to be gathered from the facts and circumstances, and not from defendant's testimony as to his secret or uncommunicated motive, reason, intent, or purpose.

**3. Sales ⬅➡181(5)—In action for price, evidence that buyer's other customers returned similar goods properly excluded.**

In an action for the balance of the purchase price of china, the quality of which defendant alleged was misrepresented, evidence that some had been returned by defendant's customers was properly excluded, as concerning the acts of third persons only, especially where for aught that appeared it may have been returned for other causes than the defect relied on.

**4. Trial ⬅➡55—Testimony similar to that already properly excluded inadmissible.**

In an action for price of china, the quality of which defendant alleged was misrepresented, where evidence that some had been returned by defendant's customers was properly excluded, the court did not err in refusing to allow defendant to testify that he made a test or experiment after it was returned; such testimony being but an indirect effort to get in evidence already excluded.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the Saxon China Company against the Tea Java Coffee Company and others. Judgment for plaintiff and defendants appeal. Affirmed.

The complaint declared upon the common counts, and upon a trade acceptance drawn on the 12th day of December, 1919, presented to and accepted by the defendant, payable to the order of the China Saxon Company, 90 days after date.

The defendants set up that the accounts sued on were for china purchased by them from the plaintiff, which was warranted by the plaintiff to be so made and manufactured and was of such a quality that the coloring thereon would not wear off by ordinary use within a reasonable period of time, whereas the facts are that the china shipped them was not so made and manufactured, nor was it of such quality that the coloring would not wear off by ordinary use; that the china was a very poor quality, unserviceable, and that the coloring thereof would wear off very rapidly under ordinary use, and in an unreasonably short time, to the damage of the defendant in the sum of $2,500, which the defendant offers to set off against the demand of the plaintiff.

There was objection to the trade acceptances, because it was accepted by the Tea Java Coffee Company, R. A. Frick, whereas the acceptance was described as having been that of all parties defendant, and because the revenue stamps thereon were not canceled.

Having testified as to the guaranty and representation made to him by the salesman of the Saxon China Company, R. A. Frick was asked by his counsel if he relied upon the representation made in the purchase of the china.

William A. Jacobs, of Birmingham, for appellants.

Counsel discusses in a general way the argument of counsel for plaintiff, with the insistence that it was very harmful to the defendant, and with the further insistence that the court ought to have granted his motion to enter a mistrial and grant a continuance. 11 Ala. App. 644, 66 South. 942.

Counsel discussed the other assignments, but without further citation of authority.

Black & Harris, of Birmingham, for appellee.

Brief of counsel for appellant is not such an insistence as will authorize a review by the court of his assignments of error. Rule 10, Supreme Court, 175 Ala. xviii, 61 South. vii; 10 Ala. App. 439, 65 South. 408; 4 Ala. App. 625, 58 South. 812; 10 Ala. App. 485, 65 South. 454; 186 Ala. 660, 65 South. 354; 160 Ala. 454, 49 South. 318.

ANDERSON, C. J. It is at least questionable as to whether or not the brief of appellants' counsel so complies with rule 10 (61 South. vii) as to authorize a review of all or any of the assignments of error. It is sufficient to observe, however, that an examination and consideration of same fails to disclose reversible error on the part of the trial court.

[1] So much of the statements or arguments of appellee's counsel which seems to have been objectionable to appellants was

provoked or produced by the improper statements or remarks of their counsel. Hanners v. State, 147 Ala. 27, 41 South. 973.

[2] As to whether or not Frick relied on the representation of plaintiff's agent was a question for the jury, to be gathered from the facts and circumstances, and the trial court did not err in not permitting said Frick to testify as to his secret or uncommunicated motive, reason, intent, or purpose.

[3] As to whether or not some of the china had been returned by some of the defendants' customers in and of itself was not proper, as it was but the act of third persons,\ and, from aught that appears, it may have been returned for causes other than the defect relied upon by the defendants.

[4] Nor was there error in not letting Frick testify that he made the test or experiment after the china, or some of it, had been returned, as this was but an indirect effort to get in evidence which had already been properly excluded.

Moreover the defendants, in effect, got the benefit of this evidence, as Frick was permitted to testify that he made a test of the china "a little after the first complaints were made."

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.