(117 So. 466)

**PURIFOY v. CENTRAL OF GEORGIA RY. CO. (6 Div. 751.)**

Supreme Court of Alabama.   June 14, 1928.

W. A. Denson, of Birmingham, for appellant.

Nesbit & Sadler, of Birmingham, for appellee.

ANDERSON, C. J.   The plaintiff's evidence showed that he was at a flag station on defendant's line for the purpose of boarding a train; that it was the custom of the defendant to stop for passengers at said station when flagged or signaled. The plaintiff's evidence also showed that the proper signal was not only given, but was responded to by the engineer, or some one upon and in control of the engine, and that the train slacked its speed as if to stop until it got within 40 feet of the plaintiff and his companions, who were at the station, when the speed was increased, and the train passed without giving them a chance to board it. There was also proof that the signals were given with torches, and it was a question for the jury as to whether or not the engineer saw the plaintiff and his companions, and, in connection with the previous signals and location of the parties, knew that they wished to board the train and willfully or intentionally passed them. The defendant's evidence tended to contradict this; that is, denied that any signals were given

12

or that the trainmen knew they were there and desired to take passage on the train. This, however, presented a conflict for the jury to reconcile, and the trial court erred in giving the defendant the general charge as to the wanton or willful count of the complaint. Nor can this error be considered harmless because the jury found for the defendant under the simple negligence count. L. & N. R. R. v. Perkins, 152 Ala. 137, 44 So. 602; McNeil v. Munson, 184 Ala. 420, 63 So. 992; Sington v. B. R. L. P. Co., 200 Ala. 282, 76 So. 51.

■ Had the trial court properly given the general charge for the defendant as to the willful or wanton count, there could have been no error in refusing the plaintiff's charges embodied in the sixth and seventh assignments of error. But as the trial court erred in this respect, and this being a tort action, said charges state the law. A. G. S. R. R. v. Sellers, 93 Ala. 15, 9 So. 375, 30 Am. St. Rep. 17; B. R. L. P. Co. v. Nolan, 134 Ala. 332, 32 So. 715.

Whether the court did or did not err in sustaining the objection to the question made the basis of the eighth assignment of error, the plaintiff later on got the full benefit of the evidence thereby sought.

■ The fact that Meggleson brought suit against this defendant growing out of the same occurrence was prima facie some evidence of interest or bias on the part of the witness and the fact that it had been dismissed or was not now pending tended to lessen or remove the interest or bias of the witness.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and BOULDIN, JJ., concur.