142 So. 547

**SCHRIMSHER v. CARROLL.**

**8 Div. 435.**

Supreme Court of Alabama.

June 9, 1932.

Brickell & Johnston, of Huntsville, for appellant.

Griffin & Ford, of Huntsville, for appellee.

### KNIGHT, J.

The plaintiff brought this suit against the defendant, appellant here, to recover damages for personal injuries, and injury to his automobile, as the result of a collision between the automobiles of appellant and appellee, which collision, the plaintiff insisted, was the proximate result of negligence on the part of defendant's servant in the operation of his car at the intersection of north Church street and Oakwood road, in Madison county, Ala., on or about July 10, 1931.

The plaintiff's automobile was being driven at the time by his young son, then under sixteen years of age. The plaintiff and his wife were riding on the rear seat of the car, while his daughter and son were on the front seat, the son at the steering wheel. The plaintiff's automobile was proceeding along Oakwood road, traveling westward, while defendant's automobile was proceeding northward along north Church street. North Church street, at its northern extremity, intersects Oakwood road, and at that point it stops.

The defendant filed a plea of the general issue, with leave to give in evidence any matter of defense which would be good in bar, if specially pleaded, and also a plea of recoupment, which last plea is numbered 2 in the record. In this second plea, the defendant sought to recover damages of the plaintiff by "reason of the negligence of the plaintiff's servant, agent or employee in charge of the automobile of plaintiff upon the occasion of the injury for which plaintiff claims damages in this, that the agent of the plaintiff so negligently operated the automobile of the plaintiff as to cause the same to run upon or against the automobile of the defendant, and as a consequence thereof defendant's automobile was damaged to the extent of one hundred dollars, for which defendant claims judgment against plaintiff." The propriety of plea 2 was not tested, in any way, and issue was joined on all pleas. In view of the joining of issue on plea 2, and of the verdict of the jury in favor of plaintiff on the issues submitted, it is not now for us to express any opinion upon the propriety or sufficiency of the plea of recoupment, and we are not called upon to express any opinion, therefore, upon the propriety or sufficiency of such a plea. That question will be determined when the necessities of the case call for such a determination.

The evidence in the case was such as to require its submission to the jury. The defendant, however, requested in writing four charges, which he insists should have been given. The first two are, in form, general affirmative instructions in his behalf. The third refused instruction is as follows: (3) "I charge you gentlemen of the jury that it was the duty of the driver of plaintiff's automobile to give warning of his approach at the intersection of Church Street and Oakwood Avenue by blowing his horn." The evidence tended to show that the two cars entered the intersection at approximately the same time; that the plaintiff's car at the time was on the right of the intersection, and the defendant's car on the left. Mrs. Carroll, wife of plaintiff, called and examined as a witness on behalf of plaintiff, testified, in part, as follows: "The Schrimsher car came out of the mouth of North Church Street. I do not know how fast they were traveling. That corner is blind. The Oakwood Road is clear there at the intersection with Church Street. You cannot see into the Oakwood Road coming into it there. There is an obstruction. It is a growth, I think: the best I remember there is a lot of bushes and honey-suckle vines and things like that, and you cannot see around what is coming into that street." And, on cross-examination, this witness testified: "At that corner, on North side, I don't think the embankment is so high. On the South side of Oakwood Road and on East side of Church Street where Church Street comes in there from the South, I think there is a pretty high embankment. I don't think it is so high. There is a fence around the corner; that is fenced up and grown up. The best that I can remember right at the corner where Church Street comes into Oakwood Road, on South side of Oakwood Road and the East side of Church Street, there is a 'tolerably' high bank there fenced up that obstructs the view. You can't see into Church Street until you get right at it."

With reference to defendant's plea 3, it may be said that there is no statutory requirement which called for the blowing of the horn by plaintiff's driver before entering the intersection. Whether or not the circumstances of the case, as disclosed by the evidence, would have suggested to an ordinarily prudent driver, similarly circumstanced, the propriety or necessity, in order to conserve life or property, to blow the horn, was a question for the jury, and not for the court. The court could not have given the requested charge under the evidence without invading the province of the jury. While the statute does not require in terms that the driver of plaintiff's car should have given a signal of his approach to the intersection by blowing the horn, yet, if it was the part of due care and caution to do

so, and if a reasonably careful and prudent driver would have done so at the time and place, under the circumstances then prevailing, then it would have been the duty of the driver of plaintiff's car to have done so, and failing therein he would have been guilty of a negligent omission of duty—would have been guilty of negligence. The question was one for the jury to decide under the facts, not for the court, as assumed by the charge.

The court committed no error in refusing defendant's said requested charge 3.

■ Charge 4 requested by defendant was bad, in that it omitted all reference to causal connection between failure to blow the horn and the injury complained of. It omits the postulate, if the jury should be further satisfied from the evidence that the collision was proximately due to the failure on the part of plaintiff's driver to blow the horn, or other suitable warning of his approach to the intersection. The charge was therefore bad for these reasons, if for no other.

The defendant's whole insistence, in argument for the general charge, is based upon the failure on the part of plaintiff's driver to blow the horn. We hold that was a question for the jury under the evidence. Charges 1 and 2 were therefore properly refused.

■ It is insisted that the court committed error to reversal in overruling defendant's objection to, and in refusing to exclude, the following statement made by the witness, Mrs. J. D. Carroll, while testifying in the cause, to wit: "Mr. Schrimsher ran into us and turned us over." The bill of exceptions must be construed most strongly against the exceptor. If it is susceptible to two constructions, one of which supports the judgment, and the other reverses it, it will be construed so as to support the judgment. Kabase v. Jebeles-Colias Conf. Co., 155 Ala. 254, 46 So. 581; McGehee v. State, 52 Ala. 224.

■ So far as the bill of exceptions discloses to the contrary, this statement was in response to a question calling for the same, and it discloses no objection to such a question, if one was asked. In this state of the record, the trial court will not be put in error, even if it were conceded that the statement was a conclusion of the witness, and not a statement of a fact, which it was the province of the jury to determine. But we are fully persuaded that the statement was not a conclusion of the witness, but a statement of a fact, and its admission as such violated no sound rule of evidence nor principle of law. A witness in a criminal case may testify that the defendant, on trial for an assault and battery, ran into the party assaulted and knocked him down. The defendant, in support of his objections and motion, cites the cases of Staples v. Steed, 167 Ala. 241, 52 So. 646, Ann. Cas. 1912A, 480; Ala. Gr. So. R. R. Co. v. Flinn, 199 Ala. 177,

74 So. 246, and Louisville & Nashville R. R. Co. v. Landers, 135 Ala. 504, 33 So. 482. These cases are not in point, as a most casual reading of them will disclose. There was, therefore, no error in overruling defendant's said objections to, and motion to exclude, the statement of Mrs. Carroll, above set out.

■ On motion for new trial, among other grounds, defendant assigns as his seventh ground the statement made by the trial judge at the conclusion of the testimony. This statement was: "The witness William Lightfoot was brought here under attachment and he has not been examined and if he is not examined, I will impose the cost of attachment upon the party who had him summoned." The bill of exceptions does not show that any objection was made to this remark of the court, nor any exception reserved thereto.

On the hearing of the motion, the same was submitted upon the testimony set out in the bill of exceptions and the following agreed statement of facts:

"That on the day the case was called for trial and before the parties announced ready and before the selection of the jury but while the jurors constituting a panel from which the jury was selected, were in the court room and in their presence and hearing, the witnesses for both plaintiff and defendant were called, and among the witnesses called for the defendant was one William Lightfoot. All the witnesses were then sworn and put under the rule. That thereafter at the conclusion of the testimony for the defendant, N. A. Schrimsher, the defendant announced that it (sic.) rested. Thereupon the court stated: 'The witness William Lightfoot was brought here under attachment and he has not been examined, and if he is not examined, I will impose the cost of the attachment upon the party who had him summoned.'

"Thereupon one of the counsel for the defendant arose and stated that as the testimony of the case had so far been by white people, the defendant preferred to let the case go to the jury upon white testimony alone and was not trying to conceal any evidence and would introduce the witness William Lightfoot if the court desired. The court made no response to this statement of defendant's counsel, and thereupon the defendant called William Lightfoot."

It is earnestly argued here, in brief of appellant, that the statement of the court to counsel, in the presence of the jury, after the defendant had rested its case, was an "unwarranted interference" with the right of a party to submit the case upon such issues and evidence as he might see proper; that the action of the court placed the defendant at a decided disadvantage before the jury, "and, for all practical purposes, forced the calling of the witness."

The appellant cites in support of its contention, for error in respect to this action of the trial judge, the cases of Crawford v. State, 112 Ala. 1, 21 So. 214; Bates v. Morris, 101 Ala. 282, 13 So. 138; Moulton v. State, 199 Ala. 411, 74 So. 454. We have carefully examined each of these cases, and find no support in them for appellant's present insistence.

It must be borne in mind that the trial judge in referring to the witness Lightfoot made no mention of the party who caused the attachment to issue, and it was the defendant's counsel who brought this matter to the hearing, or attention of the jury. Nor did the court, after the defendant's counsel had addressed his remarks to the court, make any reply suggesting in the slightest degree that he desired the witness to be called. Nor does the record disclose, in any way, except through the remarks of defendant's counsel, which side caused the attachment to issue. While possibly it would have been better had the trial judge refrained from making the remarks, yet the record shows no exception thereto, and we cannot reverse the trial court in this particular ruling. If the defendant deemed the remarks prejudicial, he should have reserved his exception thereto, and possibly have moved for the case to be taken from the jury. He should not be allowed to speculate upon a favorable verdict, and, failing in this respect, ask that a new trial be granted him.

A motion for new trial cannot be employed to take the place of an exception, which should have been reserved on the trial, if at all. This court has uniformly held that the omission to reserve an exception at the proper time cannot be cured by a motion for a new trial. Tobias & Co. v. Treist & Co., 103 Ala. 664, 15 So. 914.

After considering all the evidence in the case, we are at the conclusion that the court properly overruled defendant's motion for a new trial, as for any grounds urged in argument. It results that the judgment of the circuit court will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.