145 So. 323

CENTRAL OF GEORGIA RY. CO. v. PURIFOY.

6 Div. 53.

Court of Appeals of Alabama.

June 30, 1932.

Rehearing Denied Nov. 1, 1932.

Nesbit, Sadler & Dunn, of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

RICE, J.

This appeal is by the defendant in the court below from the judgment rendered against it in favor of appellee, on the trial of a suit brought by him claiming damages, for failure to stop one of its trains, on signal, at a flag station, and allow appellee to board same. There have been two trials of the case; the first resulting in a judgment in favor of the defendant, which was reversed on appeal taken to the Supreme Court; and the one from the judgment in which this appeal is taken.

We do not observe that the essential facts given in evidence on the two trials, as shown by the bills of exceptions upon the two appeals, differ materially. They were sufficiently outlined in the opinion by the Supreme Court handed down upon the first appeal. See Purifoy v. Central of Georgia Ry. Co., 218 Ala. 11, 117 So. 466.

Chief reliance, for a reversal of the judgment of the court below, as we gather from the brief filed here on behalf of appellant, is placed upon the allegedly erroneous action of the trial court in overruling its motion to set aside the verdict of the jury, etc., because, principally, of the unwarrantedly prejudicial, etc., argument of appellee's counsel to the jury trying the case.

In this connection, the bill of exceptions recites: "In the closing argument of the plaintiff's attorney to the jury, he said—'By some hook or crook the defendant has gotten by with this thing for seven years.'

"This argument of plaintiff's counsel was made in reply to argument of defendant's counsel in respect to the length of time the case had been in court.

"Thereupon the defendant objected to the statement that there had been any hook or crook.

"Whereupon, the plaintiff's attorney stated the following in the presence and hearing of the jury: 'I think there has been a lot of crook in this thing. They are seven years that have gone by, and they have passed on that very statement of mine, if your Honor please, in the Mary Williams case; said it was a proper statement.'

"Thereupon, the defendant objected to that statement of plaintiff's attorney.

"Whereupon, the court overruled the objection of the defendant."

The briefs on both sides ably discuss the contention made for reversible error because of the overruling of appellant's motion for a new trial, on the particular ground, among others, of the just next above indicated action of the lower court.

We have read and considered a very large number of the opinions by the Supreme Court, and by this court, dealing with the general subject of "Reversible Error in Argument to the Jury," most, if not all, of which, to the date the paper was written, have been collected, classified, and critically discussed, in the excellent monograph on the subject mentioned, prepared by Hon. Walter B. Jones,

judge of the Fifteenth judicial circuit of Alabama, and dean of the Jones Law School, of Montgomery, Ala., which was published in the Alabama Law Journal for February, 1926.

But we have concluded that we are not called upon to decide whether or not the "argument," above herein quoted, was or was not such that the motion for a new trial should have been granted because of it—considered strictly with regard to its inherent qualities of viciousness, etc., vel non. This for the reason that, as held in the case of Tea Java Coffee Co. et al. v. Saxon China Co., 207 Ala. 33, 91 So. 885, 886, "so much of the statements or arguments of appellee's counsel which [as] seems to have been objectionable to appellants was provoked or produced by the improper statements or remarks of their [its] counsel." And, where this is true, reversal will not follow. Id.

Here, according to the bill of exceptions, the first portion of the argument objected to—which, we think, embodies the substance of any objectionable qualities contained in the whole—was "made in reply to the argument of defendant's counsel in respect to the length of time the case had been in court." Manifestly, the "length of time the case had been in court" was entirely irrelevant to any issue involved; and, since we are not favored with information as to the substance of the "argument of defendant's counsel," we believe, the bill of exceptions being rightly construed most strongly against the exceptor (Buford v. Graden, 5 Ala. App. 421, 424, 59 So. 368; Kabase v. Jebeles Colias Conf. Co., 155 Ala. 254, 46 So. 581), we are authorized in assuming that plaintiff's counsel was doing no more than the recital contained in the bill of exceptions appears to indicate, replying in kind to what had been argued by defendant's counsel. So we hold that it was not error to overrule appellant's motion for a new trial, as for any erroneous ruling with regard to, or any inherently erroneous, prejudicial, etc., argument of appellee's counsel.

Perhaps we should have stated prior to this point in the opinion that the failure of appellant's counsel to reserve an exception to the action of the court in overruling his objection to the portions of the argument specified did not preclude him from making said action a ground of his motion for a new trial, nor the trial court, nor us, from considering the reversible effect, vel non, of said argument. As said by Mr. Justice Gardner, for the Supreme Court, in the opinion in the case of Birmingham Baptist Hospital, Inc., v. Blackwell, 221 Ala. 225, 128 So. 389, 393: "It is now the well-established rule that, if improper argument of counsel is of such a character as to fall within that class of argumentative statements which are grossly improper and highly prejudicial, and whose evil influence and effect cannot be eradicated from the minds of the jury by any admonition from the trial judge, then a motion for new trial is due to be granted."

Whether this would be true in the absence of a timely objection by opposing counsel, pointing out the illegal argument, quere? See American Ry. Express Co. et al. v. Reid, 216 Ala. 479, 113 So. 507; Alabama Iron & Fuel Co. v. Benenante, 11 Ala. App. 644, 66 So. 942; Birmingham Railway, Light & Power Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C, 1037; Birmingham R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Louisville & N. R. R. Co. v. Sullivan Timber Co., 126 Ala. 95, 27 So. 760; "Reversible Error in Argument to the Jury," Judge Walter B. Jones, etc. (1926), supra.

It was declared in effect by the Supreme Court on the former appeal of this case (Purifoy v. Central of Georgia Ry. Co., supra) that appellee might, under the evidence, be awarded punitive damages, even in the absence of evidence tending to show that he received actual damages. This holding—the evidence, as above noted, being substantially the same here—is conclusive upon us. Code 1923, § 7318.

Hence we know of no rule of consideration, and have been cited to none by appellant's learned counsel, by which we might arrive at the decision that the sum of $750, so awarded, is so grossly excessive, etc., as to call for action or revision, etc., by us.

It was, as we read the opinion, open to the Supreme Court to observe, upon the former appeal (Purifoy v. Central of Georgia Ry. Co., supra), that the evidence as to what the flagman, etc., on the back end of appellant's train, alleged to have been flagged, etc., did, or said, as the train passed appellee, etc., was improper. By refraining to so declare, it appears to us that that court intimated that said evidence was proper.

At any rate, there being a wanton, etc., count in the complaint, we are of the opinion, and hold, that the court did not err in admitting the testimony referred to.

As for the written charge given for the appellee (plaintiff), the giving of which is made the basis of appellant's assignment of error No. 4 here, all there is for us to say is that this charge is identical with the written charge, the refusal of which was made the basis of appellant's assignment of error No. 7, upon the former appeal. Purifoy v. Central of Georgia Ry. Co., supra.

In the opinion on that appeal the Supreme Court specifically held the said charge to be a proper one to be given for plaintiff (appellee) under the conditions that exist here. So we hold the same thing. Code 1923, § 7318, supra.

No prejudicially erroneous ruling is shown with regard to demurrers filed to count 1 of appellee's complaint. Nor, in the light of the opinion by the Supreme Court, on the former

appeal, is there such shown with regard to any incident of the case.

It results that the judgment appealed from must be affirmed. And it is so ordered.

Affirmed.

### On Rehearing.

We adhere to all that we said in our original opinion.

However, in view of the fact that our decision is subject to review by the Supreme Court, and appellant conceives it to be essential to its having, under the rules that obtain, a fair review, that we add our conclusion as to what the testimony shows as to the reason for the apparent long delay, from the happening of the occurrence to the trial of the suit based upon it, we are led to state that the record here, including the bill of exceptions, fails to show that appellant was at any fault with regard to the said delay.

The application for rehearing is overruled.