153 So. 268

### BIRMINGHAM WATER WORKS CO. v. WILLIAMS.

#### 6 Div. 384.

Supreme Court of Alabama.

Dec. 21, 1933.

Rehearing Denied March 22, 1934.

Benners, Burr, McKamy & Forman, of Birmingham, for appellant.

J. Reese Murray, of Birmingham, for appellee.

ANDERSON, Chief Justice.

The argument of plaintiff's counsel, as set out in the first assignment of error, not only injected in the case the question of the defendant cutting off water from its customers when not able to pay for same (an issue not involved), but also referred to the poverty of the plaintiff and inferentially, at least, to the defendant as "powerful" and was highly improper. The trial court sustained an ob-

jection to same and attempted to eliminate the first part from the consideration of the jury, but gave no positive or affirmative instructions as to the allusion to the poverty of the plaintiff and the "powerful" defendant. Moreover, this is of that class of argument the poisonous effect of which cannot well be eradicated. Pryor v. Limestone County, 225 Ala. 540, 144 So. 18, and cases there cited.

The trial court erred in not granting the defendant's motion for a new trial and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.

On Rehearing.

ANDERSON, Chief Justice.

We are cited to several cases to the effect that argument of counsel did not constitute reversible error. The most pertinent one is the case of Alabama Power Co. v. Bruce, 209 Ala. 423, 96 So. 346, but an examination of this case shows that it is easily differentiated from the case at bar as the argument there was justified as a legitimate reply to certain argument of opposing counsel, the court intimating that it would have been bad had counsel intended directly or indirectly to intimate to the jury that they should render a verdict for the plaintiff because the family was poor. Here, we have reference not only to the poverty of the plaintiff but to the defendant as the "powerful." Moreover, we do not mean to hold that the poisonous effect of so much of the argument as was excluded by the trial court had been or could be entirely removed from the mind of the jury.

Nor can we hold that the argument was not injurious because the plaintiff was entitled to a verdict, as matter of law, as the defendant's evidence tended to relieve it of responsibility for the creation or existence of the hole or opening into which the plaintiff stepped, or that said argument did not augment the amount of damages awarded.

Rehearing denied.

THOMAS, BROWN, and KNIGHT, JJ., concur.