162 So. 378

## BRITLING CAFETERIA CO. v. SHOTTS.

6 Div. 780.

Supreme Court of Alabama.

June 20, 1935.

598

B. F. Smith, of Birmingham, for appellant.

Harvey M. Emerson, of Birmingham, for appellee.

GARDNER, Justice.

The argument of counsel for plaintiff (unsupported by the proof), to which objection was promptly interposed and overruled, was but an appeal to class prejudice, and of a character uniformly condemned as subversive of one of the highest judicial functions to see that the law is impartially administered. Pryor v. Limestone County, 225 Ala. 540, 144 So. 18; Birmingham Water Works Co. v. Williams, 228 Ala. 288, 153 So. 268; American Railway Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Alabama Iron & Fuel Co. v. Benenante, 11 Ala. App. 644, 66 So. 942, 945; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Alabama Fuel & Iron Co. v. Andrews, 212 Ala. 336, 102 So. 799; Louisville & Nashville R. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001; Alabama Fuel & Iron Co. v. Williams, 207 Ala. 99, 91 So. 879; Florence Cotton & Iron Co. v. Field, 104 Ala. 471, 16 So. 538; Loeb v. Webster, 213 Ala. 99, 104 So. 25; Wolffe v. Minnis, 74 Ala. 386; Birmingham Baptist Hospital v. Blackwell, 221 Ala. 225, 128 So. 389.

And it is to be observed, as in American Railway Express Co. v. Reid, supra, we are dealing here with a case where objection interposed was overruled, and not with a case of argument so flagrantly abusive of the rights of the defendant as to be ineradicable by prompt and careful warning and instruction from the court. On the contrary, the ruling indicated to the jury the argument was within legitimate bounds.

In the ruling on the motion for a new trial, the learned trial judge evidently concluded error had been committed, but expressed the view it was without injury.

The evidence relating to the question of plaintiff's right of recovery was in sharp conflict, and the extent of injury sustained was likewise within the peculiar province of the jury. It is difficult to know just what influence such improper remarks, sanctioned by the court's ruling, may have upon the jury as a whole, or upon any individual member. The natural tendency is to create prejudice, and the argument must be accorded "just that purpose which its author intended it should serve—nothing less." Alabama Fuel & Iron Co. v. Benenante, supra. The effect of such argument relates not only to the amount of recovery, but to the right of recovery as well. And, as observed in the Benenante Case, supra, "if it be said that reversal of the judgment in such cases may work a hardship upon appellee, it results from the conduct of him who stands as his sponsor in the trial. We know of no more effective way of repressing the wrong and maintaining the integrity of the profession in the administration of the law."

We are not persuaded the rule of error without injury is here to be applied.

For the error indicated, let the judgment stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.