48 So.2d 1

### BIRMINGHAM ELECTRIC CO. v. GILBERT et al.

#### 6 Div. 13.

Supreme Court of Alabama.

Oct. 12, 1950.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Taylor, Higgins, Windham & Perdue, of Birmingham, for appellees.

LAWSON, Justice.

Mrs. Mattie Gilbert brought suit against the Birmingham Electric Company to recover damages for personal injuries. There were two counts in the complaint. The first count alleged in substance that on, to wit, September 19, 1947, while she was a passenger for hire on one of defendant's busses, at or near Twentieth Street and Eighth Avenue, North, in the City of Birmingham, she was injured as of proximate result of the negligence of the defendant in and about the carriage of plaintiff as a passenger. Count two was a wanton count. It was withdrawn at the conclusion of the closing arguments of counsel and prior to the oral charge of the court.

R. W. Gilbert, the husband of Mrs. Mattie Gilbert, also brought suit against the same defendant. His complaint contained only one count, which alleged, in substance, that his wife was injured on September 19, 1947, while a passenger on defendant's bus and that her injuries, with the resultant damage to him, were caused as a proximate result of the negligence of defendant in and about the carriage of plaintiff's wife as a passenger. There was claim for the loss of service and society of his wife and for expenses incurred in the treatment of her injuries.

Demurrer interposed by the defendant to the complaint in each case was overruled and the defendant pleaded in short by consent in the usual form.

The two cases were consolidated and tried together in the circuit court of Jefferson County under the statute authorizing circuit courts in counties of 300,000 or more population to consolidate pending causes of like nature. § 221, Title 7, Code 1940. The trial of these cases resulted in separate verdicts in favor of the plaintiffs. Judgments were rendered in accordance with the verdicts.

The judgment in favor of Mrs. Mattie Gilbert was for $3,000, while that in favor of her husband was for only $500. From the final judgment in favor of each plaintiff and the trial court's action in overruling its motions for new trials, the defendant has taken appeals.

The appeal from the judgment in favor of Mrs. Gilbert was to this court, while the appeal from the judgment in favor of her husband was to the Court of Appeals, due to the amount of the judgment. By agreement of counsel and with the consent and approval of this court and the Court of Appeals, the appeal from the judgment in favor of Mr. Gilbert was transferred to this court from the Court of Appeals and both appeals have been submitted on one record.

There was a conflict in the evidence on all material issues except those relating to the injury suffered by Mrs. Gilbert and the damages sustained by her husband.

The evidence on behalf of plaintiffs below was to the effect that Mrs. Gilbert boarded the bus at a bus stop in front of the Municipal Auditorium on Eighth Avenue, North, and that before she could be seated she was caused to fall by a violent "jerk" as the bus pulled out from the bus stop. On the other hand, the evidence for the defendant tended to show that Mrs. Gilbert was caused to fall by the fact that she was sitting in an insecure position as the bus made a natural and ordinary turn at the intersection of Eighth Avenue, North, and Nineteenth Street, which is the first intersection reached by the bus after the point where Mrs. Gilbert boarded the bus.

Appellant, defendant below, does not contend here that it was entitled to the affirmative charge in either of the cases, nor that the verdicts are against the weight of the evidence, nor that the verdicts are excessive.

Error is assigned to the admission of certain evidence on behalf of the plaintiffs over the objection of the defendant and as to the overruling of objections to certain arguments to the jury made by counsel for plaintiffs.

We will treat these questions in the order in which they are treated in brief of counsel for appellant.

Over the objection of counsel for defendant, the trial court permitted Mrs. Gilbert and a witness in her behalf, Mrs. Bridges, who got on the bus at the same time as Mrs. Gilbert, to testify in substance that, as they entered the bus, the driver thereof said to them that they were boarding the bus at the wrong place and asked if they didn't know the proper place to stand to board the bus. It is without dispute in the evidence that Mrs. Gilbert fell within a very few seconds after such statement is alleged to have been made. The statement or declaration of the bus driver was within the *res gestæ* of the event under inquiry and was properly admitted in evidence. Stoudemire v. Davis, 208 Ala. 495, 94 So. 498.

Without objection, the plaintiff was permitted to testify that the remarks of the bus driver were made in an arrogant manner.

We see no necessity of dealing at length with appellant's contention that the trial court erred in overruling its objections to portions of the closing argument of counsel for plaintiffs. We have carefully considered the entire record as it relates to that subject and are of the opinion that counsel for plaintiffs was entitled to make such arguments, in view of the criticism made by counsel for defendant to the opening argument for plaintiffs. Tea Java Coffee Co. v. Saxon China Co., 207 Ala. 33, 91 So. 885.

The judgment of the trial court is affirmed.

Affirmed.

FOSTER, SIMPSON, and STAKELY, JJ., concur.